UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSHUA JACOBS,

                Plaintiff,

      v.

BARCLAYS BANK PLC,

                Defendant.

24-CV-909 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

     Plaintiff Joshua Jacobs brings this action against Defendant Barclays Bank PLC ("Barclays" or the "Bank"), asserting claims of negligence, aiding and abetting fraud, and violation of Article 4A of the Uniform Commercial Code ("UCC"). Barclays moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all three of Jacobs' claims. For the reasons that follow, the motion is granted.

## BACKGROUND

     The following facts are drawn from the allegations set forth in the Complaint and are taken as true for the purposes of this motion to dismiss. In or around July 2021, Jacobs, a New York resident, met a person online who identified herself as Vivian Pokuaa Acheampong ("Vivian"). Compl. ¶ 9, ECF No. 1. Vivian, who purported to reside in Ghana, told Jacobs that she had inherited a cocoa farm and "needed an infusion of cash to get the farm running profitably." *Id.* ¶¶ 10–11. She offered Jacobs an opportunity to invest in the farm and introduced him to a man named Collins Amankwaa ("Collins"), who she said would facilitate Jacobs' investment. *Id.* ¶ 12–13. Vivian and Collins sent information and documents to Jacobs that purported to demonstrate the legitimacy and investment potential of the farm. *Id.* ¶ 14. Once Jacobs decided to invest in the farm, Vivian and Collins directed him to wire funds to two accounts at Barclays, a London-based

bank. *Id.* ¶¶ 15, 27. Between August 31, 2021, and November 16, 2021, at Vivian and Collins' direction, Jacobs sent thirteen wire transfers to the two accounts, totaling $1,172,040. *Id.* ¶¶ 15–35.

At some point, Jacobs realized that he had been defrauded and began attempts to investigate the fraud. He determined from the wire transfer receipts that both accounts were located in the United Kingdom, *id.* ¶¶ 15, 27, that one account was controlled by "F.O. Aseidu" and registered to an address outside of London (the "Aseidu Account"), *id.* ¶¶ 15, 17, and that the other was controlled by "Nigel Taylor," for whom the wire transfer receipts list no physical address (the "Taylor Account"), *id.* ¶¶ 27, 29. On August 7, 2023 and thereafter, through counsel, Jacobs attempted to contact Barclays via letter to report the fraud and to demand "identifying information and documentation related to the individuals/entities who opened and/or controlled the Aseidu and Taylor Accounts." *Id.* ¶¶ 39–40. He alleges, upon information and belief, that Barclays declined to accept delivery of the letter on at least one occasion and subsequently failed to respond to the letter. *Id.* ¶ 42.

Jacobs commenced this action against Barclays on February 7, 2024, asserting claims under New York law for negligence, aiding and abetting fraud, and violation of N.Y. UCC § 4-A-202. ECF No. 1. On April 5, 2024, Barclays filed the instant motion to dismiss, which Jacobs has opposed.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.*[1] On a Rule 12(b)(6) motion, the question is "not whether [the plaintiff] will ultimately prevail," but "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529–30 (2011). In answering this question, the Court must "accept as true all factual allegations . . . but [is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020).

## DISCUSSION

Barclays moves to dismiss each of Jacobs' three causes of action, arguing that: (1) N.Y. UCC § 4-A-202 does not apply to his relationship with Barclays, because he is not a customer of the Bank; (2) his common law negligence and aiding and abetting fraud claims are preempted by N.Y. UCC § 4-A; (3) he fails to state a claim for aiding and abetting fraud; and (4) he fails to state a claim for negligence. Jacobs concedes that dismissal of his N.Y. UCC § 4-A-202 claim is appropriate, *see* ECF No. 18 at 15, and accordingly that claim is dismissed. The Court will address his remaining claims in turn.[2]

### I.   Aiding and Abetting Fraud

Jacobs alleges that Barclays aided and abetted fraud by: (1) failing to confirm the identities of the Aseidu and Taylor Account holders; (2) failing to halt, freeze, or reverse the fraudulent wire transfers; and (3) refusing his request for information about the Accounts, which he sent to Barclays almost two years after the final wire transfer.

---

[1] Unless otherwise indicated, this memorandum opinion and order omits all internal quotation marks, citations, footnotes, omissions, emphases, and alterations in quoted text.
[2] Because the Court concludes that Jacobs fails to adequately plead either of his common law claims, it need not consider whether those claims are otherwise preempted by N.Y. UCC § 4-A.

Under New York law, tortious aiding and abetting requires proof of: (1) "the existence of a primary violation"; (2) "actual knowledge" on the part of the abettor; and (3) "substantial assistance" in the violation. *Kirschner v. Bennett*, 648 F. Supp. 2d 525, 533 (S.D.N.Y. 2009). To plausibly allege actual knowledge, "a plaintiff must allege facts indicating that the alleged aider and abettor had direct and clear knowledge of the wrongdoing—mere notice or unreasonable awareness is not enough." *Huang v. Hong Kong & Shanghai Banking Corp. LTD*, No. 20-CV-03548, 2022 WL 4123879, at *4 (S.D.N.Y. Sept. 9, 2022). A plaintiff may allege such knowledge by general averment at the motion to dismiss stage, *see* Fed. R. Civ. P. 9(b), but the complaint must nonetheless contain "allegations of specific facts that give rise to a strong inference of actual knowledge" of the underlying fraud. *Rosner v. Bank of China*, No. 06-CV-13562, 2008 WL 5416380, at *5 (S.D.N.Y. Dec. 18, 2008), *aff'd*, 349 F. App'x 637 (2d Cir. 2009). "[S]ubstantial assistance generally exists where: (1) a defendant affirmatively assists, helps conceal, or by virtue of failing to act when required to do so enables the fraud to proceed; and (2) the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated. *Id.*

Barclays does not dispute that Jacobs was defrauded but contends that he has failed to plausibly allege that Barclays had the requisite actual knowledge of or substantially assisted in the fraud. The Court agrees.

With respect to actual knowledge, the Complaint contains only conclusory allegations that Barclays "knew and realized the wire transfers . . . were fraudulent and criminal in nature," Compl. ¶ 48, and "knew or should have known that the Aseidu and Taylor Accounts were being used for fraudulent and unlawful purposes," *id.* ¶ 54. In support of these allegations, Jacobs points to the size and frequency of the wire transfers, the fact that wire transfers were generally made to both accounts on the same day, and the fact that the Taylor Account was evidently not registered to a

4

physical address.  *See* ECF No. 18 at 12–13.  However, "[t]he possibility that the Bank might have inferred the existence of fraudulent activity is insufficient to support the knowledge element of the claim of aiding and abetting fraud."  *Huang*, 2022 WL 4123879, at *5.  Indeed, "[i]t is well settled in the Second Circuit that a bank's negligent failure to identify warning signs of fraudulent activity, such as atypical transactions—even where such signs converge to form a veritable forest of red flags—is insufficient to impute actual knowledge of ongoing fraud."  *Heinert v. Bank of Am., N.A.*, 410 F. Supp. 3d 544, 549–50 (W.D.N.Y. 2019), *aff'd,* 835 F. App'x 627 (2d Cir. 2020) (collecting cases).

Jacobs' aiding and abetting claim also fails because the Complaint does not plausibly allege that Barclays substantially assisted in the fraud.  In particular, Jacobs does not assert that Barclays' actions in opening and maintaining the Taylor and Aseidu accounts and processing the wire transfers "differed from those . . . provided" to other customers.  *Weshnak v. Bank of Am., N.A.*, 451 F. App'x 61, 62 (2d Cir. 2012). "A bank's provision of its usual banking services to a customer does not in and of itself rise to the level of substantial assistance."  *Id.*  Indeed, "the law in New York is clear that a bank's performance of routine banking transactions does not constitute substantial assistance in another's tort[,] . . . even where there is a suspicion of fraudulent activity."  *Huang*, 2022 WL 4123879, at *5 (collecting cases).

Finally, to the extent that Jacobs argues that Barclays aided and abetted the fraud by refusing to provide him with information needed to "identify" and "pursue independent legal action" against the perpetrators, Compl. ¶ 57, even if Jacobs' August 7, 2023 letter was sufficient to establish Barclays' actual awareness of the fraud, he fails to plausibly allege that the Bank's refusal to provide the requested information amounts to substantial assistance.  The Complaint does not allege that Barclays took any affirmative steps to assist in or conceal the fraud, and

5

Barclays had no duty to share the information Jacobs requested. *See In re Agape Litig.*, 681 F. Supp. 2d 352, 365 (E.D.N.Y. 2010) (holding that where a defendant bank "had no affirmative duty to detect and thwart [the] fraud[,] . . . [its] failure to act may not serve as the basis for claiming that [it] provided substantial assistance"). In any event, given that almost two years passed between the final wire transfer and the date of Jacobs' letter, he fails to plausibly allege that Barclays' refusal to cooperate with his investigation proximately caused the harm he suffered.

Accordingly, because Jacobs pleads no facts to support the assertion that Barclays had actual knowledge of or substantially assisted in the fraud, his aiding and abetting fraud claim must be dismissed.

## II.     Negligence

Jacobs' claim for negligence must also be dismissed. "To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 286 (2d Cir. 2006). "Whether a defendant owes a duty of care to a plaintiff is a question of law that the Court may properly determine on a motion to dismiss." *Essilor Int'l SAS v. J.P. Morgan Chase Bank, N.A.*, 650 F. Supp. 3d 62, 84 (S.D.N.Y. 2023).

The Complaint alleges that Barclays owed Jacobs a duty of reasonable care "in the handling of the wire transfers to the Aseidu and Taylor Accounts," Compl. ¶ 60, which he claims it breached "by failing to confirm the true identifies of the Aseidu and Taylor account holders, by failing to maintain commercially reasonable and adequate policies and procedures for preventing fraudulent activity, by failing to halt, freeze, or reverse the wire transfers at issue, and by depositing money obtained by fraud into the Aseidu and Taylor accounts," *id.* ¶ 61. However, as the Second Circuit stated in *Lerner*, "[a]s a general matter, banks do not owe non-customers a duty to protect them

from the intentional torts of their customers." 459 F.3d at 286. *See also Huang*, 2022 WL 4123879, at *6; *Tzaras v. Evergreen Int'l Spot Trading, Inc.*, No. 01-CV-10726, 2003 WL 470611, at *5–6 (S.D.N.Y. Feb. 25, 2003). Jacobs was not a Barclays customer, and thus Barclays owed him no duty to protect him from a fraud perpetrated by its customers. His negligence claim must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is granted, albeit without prejudice. If Jacobs has a good faith basis to amend his Complaint, he may do so no later than thirty (30) days from the date of this Order. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 12.

SO ORDERED.

Dated:    January 7, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge